United States District Court
Southern District of Texas
**ENTERED**
June 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO Q. MCGEE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-20-2170 |
| | § | |
| ART ACEVEDO, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Q. McGee, TDCJ #02267742, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Houston Police Department Chief Art Acevedo.

Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons that follow.

### I.  BACKGROUND AND CLAIMS

Plaintiff claims that Houston police officers unlawfully arrested and detained him in August 2017 under false charges for robbery with bodily injury.  Public state court records show that plaintiff subsequently pleaded guilty to the charges in June 2019.  Plaintiff is currently incarcerated in the Texas Department of Criminal Justice serving a nine-year sentence for the conviction.

Plaintiff seeks monetary damages and his release from incarceration for the allegedly unlawful arrest, detention, and false charges.

## II.  ANALYSIS

A.    <u>Sections 1915 and 1915A</u>

Because plaintiff is a state inmate proceeding *pro se* and *in forma pauperis*, the Court is required to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id*. at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

B.    <u>*Heck* Bar</u>

Plaintiff's claims for monetary damages are currently barred.   Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's detention, conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the detention, conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  A claim that falls under *Heck*

2

"is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Plaintiff's claims challenging the lawfulness of his arrest, detention, and criminal charges are barred under *Heck*. The claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

C.    <u>Malicious Lawsuit</u>

A review of the dockets for this Court show that plaintiff raised these same claims against defendant Acevedo in an earlier lawsuit, *McGee v. Acevedo*, C.A. H-19-0934 (S.D. Tex.), filed in March 2019. His section 1983 claims against Acevedo in that lawsuit were dismissed in April 2019 as barred by *Heck*, as they have been in the instant lawsuit.

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A lawsuit is malicious for purposes of section 1915(e) if it reasserts adjudicated claims against a party that are the same as, or substantially similar to, claims raised against the party in an earlier lawsuit.

Plaintiff's claims against Acevedo in this lawsuit are duplicative of those dismissed with prejudice as *Heck* barred in his earlier lawsuit. Plaintiff filed the instant lawsuit knowing that his conviction has not been reversed or set aside and that his claims against

Acevedo remained barred by *Heck*. Thus, the instant claims are malicious and are **DISMISSED WITH PREJUDICE** pursuant to section 1915(e)(2)(B)(i).

     D.    <u>Habeas Claims</u>

Plaintiff requests as additional relief his release from incarceration due to the allegedly unlawful arrest, detention, and false charges of 2017. His requested relief sounds in habeas, and cannot be pursued in context of this section 1983 civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Regardless, the Court's records show that plaintiff's section 2254 habeas case challenging his arrest, detention, and conviction remains pending in *McGee v. Davis*, C.A. No. H-20-1074 (S.D. Tex.). Consequently, his claims for habeas relief will not be addressed here.

### III.  CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** as malicious. In the alternative, plaintiff's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).[1]

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District

---

[1]This dismissal constitutes plaintiff's third strike. Plaintiff is now barred under section 1915(g) from proceeding *in forma pauperis* in federal district or appellate court. *See McGee v. Wallace*, C.A. No. H-18-0419 (S.D. Tex. April 10, 2018); *McGee v. Acevedo*, C.A. No. H-19-0934 (S.D. Tex. April 12, 2019).

Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List

Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 22nd day of June, 2020.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE